**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RICHARDA SIMMONS, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT  1:18-cv-03507 |
| DIRECT ENERGY, LP, | |
| Defendant. | JURY TRIAL DEMANDED |

**COMPLAINT**

NOW COMES Plaintiff, RICHARDA SIMMONS, by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of Defendant, DIRECT ENERGY, LP, as follows:

**NATURE OF THE ACTION**

1.  This is an action brought by a consumer seeking redress for violation(s) of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Automatic Telephone Dialers Act, 815 ILCS § 305 *et seq.* ("ATDA").

**JURISDICTION AND VENUE**

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims.

3.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to Plaintiff's ATDA claims..

4.  Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district.  28 U.S.C. § 1391(b)(2).

**PARTIES**

1

5.      RICHARDA SIMMONS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this District.

6.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7.      Plaintiff is a "subscriber" as defined by 815 ILCS § 305/5(e).

8.      DIRECT ENERGY, LP ("Defendant"), provides electricity, natural gas, and home services for residential and commercial customers in North America. It sources, generates, processes, trades, services, and supplies energy; sells natural gas and electricity to small, medium, and larger national businesses, as well as public institutions and government entities; retails electricity for residential and commercial customers; provides commercial and residential heating, ventilation, and air conditioning installation services, as well as plumbing services for commercial new construction and renovation markets, and homeowners; provides solar installation services; designs, installs, services, and repairs electrical systems and parts; and provides installation, standard repair, and emergency home repair services. Direct Energy, LP was founded in 1997 and is based in Houston, Texas with regional offices in the United States. Direct Energy, LP operates as a subsidiary of Centrica plc.

9.      Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## GENERAL ALLEGATIONS

10.      Defendant develops marketing campaigns using a combination of sales channels, with an emphasis on door-to-door marketing and outbound telemarketing.

11.      Upon information and belief, Defendant's outbound telemarketing efforts include the use of an automated telephone dialing system ("ATDS") to solicit energy services.

2

12. The Federal Trade Commission ("FTC") has held that a basic function of an ATDS is the ability to dial thousands of numbers in a short time period.

13. An ATDS allows its telemarketing agents – who, upon information and belief, are paid an hourly wage – to only communicate with consumers who answer their phone.

14. Consequently, Defendant shifts the burden of wasted time to consumers with unsolicited calls and messages.

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff's number ending in 2889 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 2889.

17. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

18. During the summer months of 2016, Defendant surreptitiously obtained Plaintiff's number ending in 2889.

19. Defendant proceeded to place or cause others to place unconsented-to calls to Plaintiff using an ATDS as that term is defined by 47 U.S.C. § 227(a)(1).

20. Defendant proceeded to place or cause others to place unconsented-to calls to Plaintiff using an autodialer or autodialer system as that term is defined by 815 ILCS § 305/5(a).

21. In total, Defendant placed or caused others to place no less than 20 unconsented-to calls to Plaintiff's number ending in 2889.

22. On multiple and numerous occasions, Plaintiff answered and was received by silence then audible clicking, before she was connected to a telemarketing agent.

3

23.     Specifically, Plaintiff experienced clear pause from when she said "hello," to when a telemarketing agent introduced them self.

24.     Whatismore, on multiple and numerous occasions, Plaintiff demanded that Defendant stop calling.

25.     At no time did Defendant obtain consent from Plaintiff to receive robocalls or pre-recorded messages to her number ending in 2889.

## DAMAGES

26.     Defendant's robocalls and pre-recorded messages have severely disrupted Plaintiff's everyday life and overall well-being.

27.     Defendant's robocalls and pre-recorded messages have resulted in intrusion and occupation of Plaintiff's cellular services, thus impeding receipt of other calls.

28.     Defendant's robocalls and pre-recorded messages have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, loss of subscribed minutes, intrusion upon and occupation of Plaintiff' cellular telephone capacity, wasting Plaintiff' time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation and annoyance that accompanies unsolicited telephone calls, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

29.     Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought counsel to file this action to compel Defendant to cease its unlawful conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq.*)

30.   All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31.   Among other things, the TCPA prohibits certain calls to wireless and residential numbers unless the caller has the prior express consent of the called party.  47 U.S.C. § 227(b)(1)(A).

32.   Under the TCPA Consent Rules, some types of calls require prior express *written* consent, while other types of calls do not require that the consent be in writing.

33.   "Prior express *written* consent" is required for:

- All telemarketing/promotional calls/texts made using an ATDS placed to wireless numbers, and

- All artificial or prerecorded telemarketing/promotional voice calls to wireless and residential numbers.[1]

34.   The TCPA Consent Rules define "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an ATDS or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

---

[1] 47 C.F.R. §§ 64.1200(a)(2), (a)(3).

5

35.   Defendant placed or caused to be placed no less than 20 non-emergency calls to Plaintiff's number ending in 2889 utilizing an ATDS without Plaintiff's prior express written consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

36.   Upon information and belief, Defendant has no database to maintain and update consumers' contact preferences and consent to call them.

37.   As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to receive $500.00 in damages for each such violation.

38.   As a result of Defendant's *knowing and willful violations* of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to receive up to $1,500.00 in treble damages for each such violation.

WHEREFORE, Plaintiff requests the following relief:

a.   find that Defendant violated 47 U.S.C. § 227 *et seq.*;

b.   enjoin Defendant from placing or causing to place calls to Plaintiff;

c.   award damages of $500.00 for each such violation;

d.   award treble damages up to $1,500.00 for each such violation; and

e.   grant any other relief deemed appropriate and equitable.

## COUNT II:
### Automatic Telephone Dialers Act (815 ILCS § 305 *et seq.*)

39.   All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

40.   From Summer, 2016 to present-day, Defendant made or caused to be made telemarketing calls to Plaintiff utilizing an autodialer in violation of 815 ILCS § 305/30(a).

41.   As a result of Defendant's violations of 815 ILCS § 305 *et seq.*, Plaintiff is entitled to receive $500.00 in damages for each such violation.

6

42.     As a result of Defendant's *knowing and willful violations* of 815 ILCS § 305 *et seq*., Plaintiff is entitled to receive up to $1,500.00 in treble damages for each such violation.

WHEREFORE, Plaintiff requests the following relief:

a.     find that Defendant violated 815 ILCS § 305/30(a);

b.     enjoin Defendant from placing or causing to place calls to Plaintiff;

c.     award damages of $500.00 for each such violation;

d.     award treble damages up to $1,500.00 for each such violation; and

e.     grant any other relief deemed appropriate and equitable.

**Plaintiff demands trial by jury.**

May 17, 2018                    Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Richarda Simmons*